# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL BRISTER,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6035** |
| **ACBL RIVER OPERATIONS LLC,**<br>    Defendant | **SECTION: "E" (3)** |

## ORDER AND REASONS

Plaintiff Samuel Brister ("Brister") alleges he was injured while working aboard the M/V SAFETY LEGEND, a vessel owned and operated by Defendant American Commercial Barge Line LLC ("ACBL").[1] Brister argues that the negligence of ACBL and the unseaworthiness of the vessel resulted in his injury.[2]

Before the Court is ACBL's motion to dismiss for improper venue, or in the alternative, to transfer venue.[3] ACBL seeks to enforce a forum selection clause contained in Brister's post-injury benefits application which provides that any suit filed against ACBL related to Brister's injury may only be filed in the United States District Court for the Southern District of Indiana, New Albany Division.[4] The motion is opposed.[5] ACBL filed a reply[6] to Brister's opposition, as well as a supplemental memorandum in support.[7]

---

[1] R. Doc. 1; R. Doc. 8.
[2] R. Doc. 8 at ¶ 8-9.
[3] R. Doc. 9.
[4] R. Doc. 9-1 at 3.
[5] R. Doc. 16.
[6] R. Doc. 20.
[7] R. Doc. 24.

1

## BACKGROUND

Brister filed his seaman complaint on June 22, 2017.[8] Brister alleges he was employed by ACBL as a deckhand assigned to its vessel M/V SAFETY LEGEND.[9] On or about March 11, 2017, Brister alleges he suffered severe injuries, including injuries to his lower back, while he was working aboard the vessel in the navigable waters of the Mississippi River.[10] Plaintiff asserts that the damages are attributable to the negligence of ACBL and the unseaworthiness of the vessel, "specifically the rusted wire/cable Plaintiff was working with at the time of his injury."[11] Brister seeks maintenance and cure for his injuries, which he alleges have rendered him permanently disabled.[12]

ACBL filed the instant motion on October 18, 2017.[13] ACBL asserts that, after Brister's alleged injuries on March 11, 2017, ACBL notified him of his eligibility to apply for paid leave through ACBL's Pay Continuation Plan.[14] This program allows ACBL employees to receive short-term pay continuance while they are on approved medical leave.[15] ACBL asserts that on or about March 23, 2017, Brister signed the "Pay Continuance Form," which contained the following forum selection clause:

> I hereby authorize release of information on this form by the below named physician for the purpose of claim processing. I agree to fully cooperate and participate in all medically directed treatment, as necessary. Failure to do so could result in loss of the pay continuance benefit offered to me by ACBL. I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from

---

[8] R. Doc. 1. Brister subsequently filed an amended complaint. R. Doc. 8.
[9] R. Doc. 8 at 1.
[10] R. Doc. 8 at ¶ 6-7.
[11] R. Doc. 8 at ¶ 9.
[12] R. Doc. 8 at ¶ 11.
[13] R. Doc. 9.
[14] R. Doc. 9 at 3.
[15] *Id.*

work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.[16]

Brister's application for post-injury benefits was approved, and he thereafter received pay continuance payments for 26 weeks.[17]

ACBL contends that by agreeing to the mandatory forum selection clause contained in the Pay Continuance Form, Brister has waived his right to file suit in the Eastern District of Louisiana. ACBL seeks dismissal of the suit pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure,[18] or alternatively, for transfer of the matter to the U.S. District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1404(a).[19]

## LAW AND ANALYSIS

### I. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), a party may move to dismiss a claim brought in an improper venue.[20] However, in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*,[21] the United States Supreme Court held that a forum selection clause does not render an otherwise proper venue improper. The Court explained:

> Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the

---

[16] R. Doc. 9-4 at 13.
[17] R. Doc. 9-1 at 3.
[18] FED. R. CIV. P. 12(b)(3).
[19] 28 U.S.C. § 1404(a) (2012).
[20] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).
[21] 134 S. Ct. 568 (2013) ("*Atlantic Marine*").

3

> requirements of federal venue laws, and those provisions say nothing about a forum selection clause.
>
> ...
>
> Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).[22]

ACBL does not claim that this Court is an "improper" or "wrong" venue under the federal venue provisions in 28 U.S.C. § 1391, and so dismissal pursuant to Rule 12(b)(3) would be inappropriate. Rather, where a mandatory and enforceable forum selection clause direct litigants to a U.S. court, then "the proper mechanism for enforcing such a clause is a motion for transfer of venue under 28 U.S.C. § 1404(a)."[23]

**II. The Forum Selection Clause**

If the forum selection clause in this matter is both mandatory and enforceable, then ACBL may seek to enforce it through 28 U.S.C. 1404(a). "A mandatory [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[24] A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[25] The clause at issue in this case states clearly that Brister's lawsuit may "only be filed" in the Southern District of Indiana, and that Brister "will make no effort to have such lawsuit or claim transferred or moved to any other court."[26] Accordingly, the Court finds that the forum selection clause is mandatory.

---

[22] *Atlantic Marine*, 134 S Ct. at 577.
[23] *Weber v. PACTR XPP Technologies, AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine*, 134 S Ct. at 575, 579).
[24] *Weber*, 811 F.3d at 768.
[25] *Id.* (emphasis in original).
[26] R. Doc. 9-4 at 13.

4

A party attacking a forum selection clause must show that the clause is unreasonable under the circumstances in order to overcome the presumption that the clause should be enforced.[27] A clause is unreasonable where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of the remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[28]

Brister offers two arguments for finding the forum selection clause unenforceable. First, he argues that forum selection clauses are inapplicable in Jones Act cases.[29] Because the Jones Act shares a body of law with the Federal Employers Liability Act ("FELA"), and the Supreme Court has established that FELA prohibits forum selection clauses,[30] Brister argues that the Jones Act similarly prohibits forum selection clauses.[31] Brister acknowledges that the Fifth Circuit has held that FELA's venue provisions do not apply to the Jones Act, which has its own venue provision.[32] Brister contends, however, that because the 2008 amendments to the Jones Act eliminated the statute's venue provision, the Jones Act should now be interpreted as incorporating FELA's venue provision.[33]

Second, Brister argues that, even if the Jones Act does not prohibit forum selection clauses, this clause is unenforceable because "it was the product of fraud and

---

[27] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016).
[28] *Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (internal quotation marks omitted)).
[29] R. Doc. 16 at 2.
[30] *See Boyd v. Grand Trunk Western R. Co.*, 338 U.S. 263 (1949).
[31] R. Doc. 16 at 3-4.
[32] *See Terrebonne v. K-Sea Transportation Corp.*, 477 F.3d 271, 283 (5th Cir. 2007).
[33] R. Doc. 16 at 3-4.

5

overreaching."³⁴ He contends the forum selection clause was "hidden in fine print after generic release of information language," and was "not set out or conspicuous in any way."³⁵ Brister further asserts that he "was never advised of the forum selection clause by [ACBL], was not advised of the forum selection clause in the letter instructing him to sign it to receive benefits, and had not contacted a lawyer and was unrepresented at the time he signed the forms."³⁶

The Court finds that Brister's assertions are without merit. With regard to Brister's argument as to the applicability of forum selection clauses in Jones Act cases, he cites no recent cases in support of his argument, and ignores recent federal jurisprudence holding that FELA's venue provisions do not apply in Jones Act cases.³⁷ Courts in this district routinely hold that forum selection clauses apply in analogous situations.³⁸ The Court finds no reason to find otherwise in this case.

The Court also finds that the specific clause at issue in this case is not the product of "fraud and overreaching." The paragraph that includes the forum selection clause is in the same font and text size as the rest of the form.³⁹ The paragraph in question is prominently featured on the Pay Continuance Form, below the heading "To be completed by the Employee."⁴⁰ Brister's signature appears immediately below the forum selection

---

³⁴ R. Doc. 16 at 4.
³⁵ *Id.*
³⁶ R. Doc. 16 at 5.
³⁷ *See, e.g.*, *Riley v. Trident Seafoods Corp.*, 2012 WL 245074 (D. Minn. 2012); *Utoafili v. Trident Seafoods Corp*, 2009 WL 6465288 (N.D. Cal. 2009).
³⁸ *See, e.g., Girdler v. American Commercial Barge Line, LLC*, No. 17-6593, R. Doc. 25 (E.D. La. Dec. 18, 2017); *Taylor v. Teco Barge Line, Inc.*, No. 06-6094, R. Doc. 28 (E. D. La. Feb. 12, 2008); *Smith v. Teco Ocean Shipping*, 2004 WL 1638111 (E.D. La. 2004).
³⁹ R. Doc. 9-4 at 13.
⁴⁰ *Id.*

clause.[41] In short, Brister has not overcome the presumption that the clause should be enforced.

## III. Transfer

Because the forum selection clause is both mandatory and enforceable, the Court must consider whether to transfer the case to the Southern District of Indiana, New Albany Division. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[42] Ordinarily, a court weighs various public interest factors and private interest factors in deciding a motion to transfer under Section 1404(a).[43] The *Atlantic Marine* Court clarified the proper analysis to evaluate a Section 1404(a) motion when the parties have agreed to a forum selection clause. The Court explained: "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[44] Furthermore, in determining the proper forum, a district court should not consider the private interests of the parties. "When parties agree to a

---

[41] *Id.*
[42] 28 U.S.C. § 1404(a).
[43] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). Private interest factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241, n. 6. Public interest factors may include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*
[44] *Atlantic Marine*, 134 S. Ct. at 581.

forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."[45] Courts may nonetheless consider "public interest factors," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a trial that is at home with the law."[46] However, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases."[47]

Brister has offered only private-interest factors in opposition to the motion to transfer. He argues that the availability and convenience of witnesses and parties, the location of pertinent books and records, the cost of obtaining attendance of witnesses, the place of the alleged wrong, and the possibility of prejudice all weigh against transferring the case.[48] These private-interest factors may not be considered by the Court in its § 1404(a) analysis, however, and Brister has not identified any public-interest factors that counsel against transferring the case to the forum to which the parties contractually agreed. The Court therefore concludes that transfer of this matter to the U.S. District Court for the Southern District of Indiana, New Albany Division, is appropriate.

Accordingly;

**IT IS ORDERED** that Defendant American Commercial Barge Line, LLC's motion to transfer venue is **GRANTED**. This matter is **TRANSFERRED** to the U.S.

---

[45] *Id.* at 582.
[46] *Id.* at 582 n.6.
[47] *Id.* at 582.
[48] R. Doc. 16 at 6-8.

District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1404(a).

**New Orleans, Louisiana, this 7th day of February, 2018.**

                                    _____
                                    **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**